IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Daniel Jones, #210933, ) | |
| ) | |
| Petitioner, ) | C/A No. 6:13-749-CMC-KFM |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Michael McCall, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

## Background

James Daniel Jones ("Petitioner"), a state prisoner in the Lee Correctional Institution of the South Carolina Department of Corrections, who is proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He alleges he is serving a sentence for his June 7, 1994, conviction by a jury in the Sumter County Court of General Sessions of robbery, kidnaping, and attempted criminal sexual conduct. ECF No. 1-3 at 1. He alleges he filed a direct appeal, and his conviction was affirmed by the South Carolina Court of Appeals. ECF No. 1-3 at 2. He alleges he filed several post-conviction relief ("PCR") actions in the state courts, which were denied and dismissed. ECF No. 1-3 at 2–4. In this habeas Petition, he seeks a new trial or release from prison based on two grounds: ineffective assistance of counsel by his attorney during the first PCR action; and, the state court erred in failing to hold a hearing regarding the claim that his first PCR attorney was ineffective. ECF No. 1-3 at 5–6. Petitioner alleges that this action is not barred by the AEDPA one-year limitations period because of the new rule of law pronounced by the United States Supreme Court in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). ECF No. 1-3 at 13. He alleges that the Supreme Court in *Martinez* pronounced

a new rule related to ineffective assistance of counsel during PCR actions and that rule was not available to him at the time of his trial. *Id.* Further, he alleges that he should be permitted to present this claim for the first time in a successive habeas petition pursuant to 28 U.S.C. § 2244(b)(2)(A) because it relies on a new rule of constitutional law, and he acknowledges that he filed a previous § 2254 habeas petition in this Court in 2004. ECF No. 1 at 1–2.

Prior to this habeas action, Petitioner has filed three habeas corpus actions in this Court pursuant to 28 U.S.C. § 2254 seeking to overturn the same 1994 state conviction and sentence, and the first of those cases was decided on the merits. *See* Report and Recommendation, *Jones v. Padula*, C/A No. 6:07-1697-CMC-WMC (D.S.C. July 13, 2007), ECF No. 8, *adopted by*, Order, ECF No. 9. It is appropriate for this district Court to take judicial notice of Petitioner's prior cases. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## Discussion

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. Petitioner filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. This statute authorizes the Court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted,

is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Additionally, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012).  As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam).  However, even under this less stringent standard, the Petition in this case is subject to summary dismissal.  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") amended 28 U.S.C. § 2254 and other habeas statutes.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts.  Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief.  *See Felker v. Turpin*, 518 U.S. 651 ... (1996).  Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted).  The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); see §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

This action should be dismissed because it is successive to Petitioner's first § 2254 action, which was decided on the merits, and it appears that Petitioner has not received permission from the Fourth Circuit Court of Appeals to file this action in this Court. *See Henderson v. Bazzle*, C/A No. 9:08-978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. April 29, 2008) (for a petition to qualify as "successive," the prior petition must have been adjudicated on the merits which includes a prior dismissal of a petition as untimely). Despite Petitioner's reliance on the recent *Martinez* decision, that case does not provide authorization for him to file this action under § 2244(b)(2)(A). *See Wigfall v. McCall*, C/A No. 0:12-2090-RMG, 2012 WL 4981382, at *2 (D.S.C. Oct. 17, 2012), *appeal dismissed*, 2013 WL 1735487 (4th Cir. April 23, 2013). A court of appeals may authorize a successive petition if a claim is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). *See Scott v. Byars*, C/A No. 0:12-2061-RBH-PJG, 2012 WL 6138191, at *3 (D.S.C. Sept. 19, 2012), *adopted by*, 2012 WL 6138221 (D.S.C. Dec. 11, 2012), *appeal dismissed*, 2013 WL 1304491 (4th Cir. April 2, 2013). Thus, the United States Court of Appeals for the Fourth Circuit—not this District Court—is the proper tribunal to decide whether to authorize a successive § 2254. *Id.* Because it appears that Petitioner did not

obtain authorization from the Fourth Circuit Court of Appeals to file this Petition, this Court does not have jurisdiction to consider it. *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003).

## **Recommendation**

Accordingly, it is recommended that the § 2254 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return. Petitioner's attention is directed to the important notice on the next page.

June 4, 2013　　　　　　　　　　　　　　　　s/ Kevin F. McDonald
Greenville, South Carolina　　　　　　　　　United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).